RANDOLPH, Justice,
dissenting:
¶ 22. Under Mississippi Rule of Civil Procedure 4(h):
[i]f a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court’s own initiative ... or upon motion.
Miss. R. Civ. P. 4(h) (emphasis added). As a summons was not issued to Tanfield Engineering until J59 days after Thornton’s First Amended Complaint was filed, and no “good cause” was provided therefor, I would reverse and remand for the entry of an order dismissing Tanfield En *701 gineering “without prejudice.... ” Id. Therefore, I respectfully dissent.
¶ 23. Thornton’s First Amended Complaint, filed on July 16, 2009, substituted, inter alia, Tanfield Group and Tanfield Engineering as defendants. Throughout the First Amended Complaint, Tanfield Group and Tanfield Engineering were denominated as separate defendants, with no allegations of “alter ego.” On August 3, 2009, a summons was issued solely to “Tanfield Group PLC” which provided, in pertinent part, that:
[t]he complaint which is attached to this summons is important and you must take immediate action to protect your rights.... This answer must be mailed or delivered within 30 days after this summons and complaint were delivered to you or a judgment by default may be entered against you for the money or other things demanded in the complaint.
(Emphasis added.) The summons made no reference to Tanfield Engineering.
¶24. On October 18, 2010, 459 days after the First Amended Complaint was filed, an “Alias Summons” was issued to “Tanfield Engineering Systems, Inc.”[14] That form referenced the federal procedural standard, as follows:
[wjithin 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are [in] the United States or a United States agency, or an officer or employee of the United States described in Fed.R.Civ.P. 12(a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.
On December 29, 2010, Tanfield Engineering filed its Motion to Dismiss, pursuant to Mississippi Rules of Civil Procedure 12(b)(4) and (5), based on Thornton’s failure to serve process on it “until well after 120 days subsequent to the filing of the amended complaint_” See Miss. R. Civ. P. 12(b)(4)-(5) (regarding motions to dismiss for “insufficiency of process” and “insufficiency of service of process”). On January 6, 2011, 539 days after the First Amended Complaint was filed, Thornton first argued “alter ego.”
¶ 25. Thornton’s “alter ego” argument as to Tanfield Engineering was more than “a day late and a dollar short.” The First Amended Complaint denominated Tanfield Group and Tanfield Engineering as separate defendants, with no allegations of “alter ego.” The August 3, 2009, summons, issued solely to Tanfield Group, made no attempt to serve process on Tanfield Engineering based on an “alter-ego” theory. In fact, that summons made no reference to Tanfield Engineering.[15] The October 18, 2010, “Alias Summons” issued to Tan-field Engineering was both untimely (459 days after filing of the First Amended Complaint) and out of compliance with the Mississippi Rules of Civil Procedure.[16] Only after Tanfield Engineering filed its Motion to Dismiss, more than one-and-one-half years after the First Amended Complaint was filed, did Thornton argue “alter ego.” As Thornton did not serve the summons and complaint on Tanfield Engineering “within 120 days after the filing of the complaint[,]” and failed to show “good *702 cause” therefor, I would reverse and remand for the entry of an order dismissing Tanfield Engineering “without preju-dice_” Miss. R. Civ. P. 4(h).
CARLSON, P.J., AND PIERCE, J., JOIN THIS OPINION.

. On October 22, 2010, Tanfield Engineering was served via certified mail.

. As to Tanfield Engineering thereby being put on notice, such argument is unavailing. Notice of suit is not "service of the summons and complaint_" Miss. R. Civ. P. 4(h).

.By referencing the federal procedural standard, the circuit court was issuing a command that it was not authorized to make.